**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005555
31-DEC-2014
07:59 AM**

NO. CAAP-13-0005555

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SIXTO MANUEL, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPECIAL PROCEEDING PRISONER NO. 13-1-0018)
(CRIMINAL NO. 00-1-2103)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Sixto Manuel (**Manuel**) appeals from the "Order Dismissing and Denying Petitioner Sixto Manuel's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Filed June 12, 2013)," entered October 24, 2013 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Manuel contends the circuit court erred in denying his Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 Petition for Post-Conviction Relief (**Petition**) because Manuel's previous appellate attorney provided ineffective assistance of counsel during Manuel's prior direct appeal to this court.[2]

---

[1]    The Honorable Karen S.S. Ahn presided.

[2]    Because Manuel did not have a realistic opportunity to raise the claim of ineffective appellate counsel until the current action, we deem that his claim of ineffective assistance of appellate counsel was not waived and is properly before us for consideration. See De La Garza v. State, 129 Hawai'i 429, 442-43, 302 P.3d 697, 710-11 (2013) ("This court has held that a claim of ineffective assistance of counsel is not considered 'waived' for the purposes of a HRPP Rule 40 petition if there was 'no realistic opportunity' for the petitioner to raise the claim in the proceedings specified by the rule.").

Manuel contends that his appellate attorney was ineffective because he (1) failed to properly raise a claim challenging the circuit court's unanimity jury instruction and (2) failed to properly raise a claim challenging the sufficiency of evidence adduced to support Manuel's four count conviction for sexual assault in the third degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we concluded Manuel's appeal is without merit.

## A. Unanimity Jury Instruction

In Manuel's Petition, he contends that his appellate counsel was ineffective for failing to properly challenge the circuit court's unanimity instruction during Manuel's trial.[3] Manuel contends the circuit court's unanimity instruction was "insufficient to ensure that the jury unanimously agreed that [he] committed the same specific conduct for each of the individual counts that he was convicted."

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.

State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (citations omitted). "[O]nce instructional error is demonstrated, [the appellate court] will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction." Id. at 337, 141 P.3d at 984.

Respondent-Appellee State of Hawai'i (**State**) charged Manuel with four counts of sexual assault in the third degree in

---

[3] On appeal, Manuel also contends that the circuit court erred when it did not provide the jury with specific verdict forms to eliminate the confusion regarding the particular acts for each count. Manuel presents this claim for the first time on appeal. Insofar as Manuel did not raise this claim in his Petition, this claim is deemed waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(4).

violation of Hawaii Revised Statutes (**HRS**) § 707-732(1)(b) (2013 Supp.)[4] for touching the penises and buttocks of Minor #1 and Minor #2 (Counts 1, 2, 4, and 5). Because the prosecution in Manuel's trial did not elect a specific act to establish Manuel's charge of sexual assault in the third degree, the circuit court was required to give the jury an instruction that all twelve jurors must unanimously agree to the same criminal act so to support each count of Manuel's conviction. See State v. Arceo, 84 Hawai'i 1, 32-33, 928 P.2d 843, 874-75 (1996) In Arceo, the Hawai'i Supreme Court determined that a unanimity instruction was required when the prosecution alleged that defendant engaged in multiple acts of "sexual conduct" that would give rise to a conviction of sexual assault in the third degree.

> [W]hen separate and distinct culpable acts are subsumed within a single count charging a sexual assault-any one of which would support a conviction thereunder-and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the "conduct" element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, *i.e.*, an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt.

Arceo, 84 Hawai'i at 32-33, 928 P.2d at 874-75.

During Manuel's trial, the circuit court gave the following unanimity instruction to the jury:

> The defendant is charged with four counts of Sexual Assault in the Third Degree. In order to return a verdict of guilty as to each of those four counts, it is first necessary that the jury unanimously agree that the same specific act has been proven as to each count by the Prosecution beyond a reasonable doubt.

---

[4]     HRS §707-732 provides in relevant part:

**§707-732 Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:

. . . .

(b)     The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such person to have sexual contact with the person[.]

3

The court's unanimity instruction was consistent with the requirements set forth in Arceo and is nearly identical to the generic unanimity instruction recommended in the Hawai'i Standard Jury Instructions.[5]

"We presume that the jury followed the court's instructions." State v. Carvalho, 106 Hawai'i 13, 19, 100 P.3d 607, 613 (App. 2004) (citing State v. Klinge, 92 Hawai'i 577, 592, 994 P.2d 509, 524 (2000)). During closing arguments in Manuel's trial, the prosecutor's statements were not misleading or inconsistent with the law. The prosecutor stated, "all that the State needs to prove for you to find [Manuel] guilty of these Sexual Assault in the Third Degree charges is that the crime happened somewhere between the time frame charged. Just one act within the time frame charged." The prosecutor further stated that the "defense counsel started arguing you have to find a particular time. Well, you don't have to come up with a particular date that the crimes happened, just as long they happened within the time frame that has been charged."

Manuel contends that the prosecutor's statements during closing arguments "misled the jury into believing that there was no need to find a particular act for each of the four specific counts." However, the prosecutor's statements did not exceed the permissible bounds of closing arguments and was not inconsistent with the law.[6] The supreme court in Arceo specifically determined that the precise time and date is not regarded as material for a conviction of sexual assault in the third degree.

---

[5] The generic unanimity instruction reads:

**8.02 UNANIMITY INSTRUCTION – GENERIC**

The law allows the introduction of evidence for the purpose of showing that there is more than one [act] [omission][item] upon which proof of an element of an offense may be based. In order for the prosecution to prove an element, all twelve jurors must unanimously agree that [the same act][the same omission][possession of the same item] has been proved beyond a reasonable doubt.

Hawai'i Standard Jury Instructions--Criminal, Instr. 8.02.

[6] Notably, during Manuel's first direct appeal to this court, we held that the prosecutor's remarks during closing arguments did not constitute prosecutorial misconduct.

4

See <u>Arceo</u>, 84 Hawai'i at 13, 928 P.2d at 855. Instead, the jury need only determine that a specific act occurred in a "particular time span." <u>Id.</u> Therefore, the prosecutor's statement that the jury does not "have to come up with a particular date that the crimes happened, just as long they happened within the time frame that has been charged" was correct and, therefore, not misleading or erroneous.

The timing of the circuit court's instructions also did not cause the court's instructions to be insufficient or misleading. The circuit court was required to give the jury instructions before closing arguments began. <u>See</u> HRPP Rule 30(f). HRPP Rule 30(f) states that, "[e]xcept upon good cause articulated by the court, the court <u>shall</u> instruct the jury before the arguments are begun and shall provide to each juror, including alternates, a copy of the jury instructions to follow along as instructions are read." (Emphasis added.) The circuit court was also not required to give additional instructions to the jury after closing arguments, especially given that the prosecutor's statements were not erroneous. <u>See</u> HRPP Rule 30(f) ("The court <u>may</u>, as it deems necessary or appropriate, give additional instructions after arguments are concluded and before the jury retires." (emphasis added)).

## B. Sufficiency of Evidence

Manuel contends that his appellate counsel provided ineffective assistance "for failing to brief and waiving [Manuel's] argument that there was insufficient evidence upon which to convict [him]." Manuel contends that there was insufficient evidence to convict him of sexual assault in the third degree because there was "conflicting descriptions" as to when, where, and how Manuel had sexual contact with Minor #1 and Minor #2. Manuel argues that "[g]iven such varied, amorphous, and conflicting evidence it was impossible for the jury to have unanimously agreed that [Manuel] committed the specific conduct charged for a particular count."

The Hawai'i Supreme Court has held that

> evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; [and that] the same standard applies

5

> whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (brackets omitted) (quoting State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawaiʻi at 33, 960 P.2d at 1441 (citation and internal quotation marks omitted).

Under HRS § 707-732(1)(b), a defendant is guilty of sexual assault in the third degree when "[t]he person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person." There are four material elements of an offense of sexual assault in the third degree. Arceo, 84 Hawaiʻi at 15, 928 P.2d at 857. The four material elements are (1) that the defendant subjected a minor to sexual contact; (2) that the defendant was aware that he was doing so; (3) that the defendant was aware the minor was not married to him; and (4) that the minor was less than fourteen years old at the time of sexual contact. See Id. It is undisputed that Minor #1 and Minor #2 were under fourteen years-old when Manuel allegedly made sexual contact with them and that Manuel was not married to the Minors. Therefore, the only issues on appeal are whether there was sufficient evidence adduced at trial to show Manuel made sexual contact with Minor #1 and Minor #2 and that he was aware that he had done so.

In Arceo, the supreme court clarified what evidence was required to prove that defendant had sexual contact so to support a conviction of sexual assault in the third degree. The supreme court recognized that

> [i]n general, the precise time and date of the commission of an offense is not regarded as a material element. Accordingly, [Hawaiʻi] has long recognized that, in cases involving sexual abuse of minors, it is sufficient, in the indictment, to allege that the offense occurred over a particular time span.

6

Id. at 13, 928 P.2d at 855. (citations, internal quotation marks and brackets omitted). As further clarification, the supreme court adopted the following paradigm, as articulated in People v. Jones, 792 P.2d 643, 655-56 (Cal. 1990).

> Does the victim's failure to specify precise date, time, place or circumstance render generic testimony insufficient? Clearly not. As many of the cases make clear, the particular details surrounding a child molestation charge are not elements of the offense and are unnecessary to sustain a conviction.
>
> The victim, of course, must describe *the kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct (e.g. lewd conduct, intercourse, oral copulation or sodomy). Moreover, the victim must describe the *number of acts* committed with sufficient certainty to support each of the counts alleged "in the information or indictment (e.g., "twice a month" or "every time we went camping"). Finally, the victim must be able to describe the *general time period* in which these acts occurred (e.g., "the summer before my fourth grade," or "during each Sunday morning after he came to live with us") to assure the acts were committed within the applicable limitation period. Additional details regarding the time, place or circumstance of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction.

Id.

### 1. Sufficiency of evidence as to Manuel's conviction for Sexual Assault in the Third Degree of Minor #1

The jury found Manuel guilty of two counts of sexual assault in the third degree for placing his hand on Minor #1's penis and on his buttocks between July 20, 1998 and March 22, 2000. Manuel contends that there was insufficient evidence to support the jury's conviction because (1) Minor #1 "could not provide sufficient specificity to support a particular act[;]" (2) Minor #1's "testimony varied widely as to the number of acts committed so there was no certainty to support each count[;]" and (3) Minor #1's "testimony regarding the general time period was highly inconsistent and also undermined by the physical impossibility of Manuel committing the alleged offenses during the time frame testified to by [Minor #1]."

During trial, Minor #1 testified that Manuel touched his "penis and my butt" with "[h]is bare hands." Minor #1 testified that Manuel began touching him after Manuel started working at the apartment where Minor #1 lived, approximately

7

thirteen days after Minor #1 turned six years old.  Minor #1
testified that when Manuel would touch him, Manuel would "grab[]
it or squeeze[] it."  He testified that Manuel touched him
"[s]ometimes by the shack, sometimes by the manager's
office . . . [b]y the laundromat."  During trial, Minor #1's
testimony as to how many times Manuel touched him varied, but
Minor #1 ultimately concluded that Manuel touched him "[l]ike 50
or more" times between August 1998 and January 3, 1999.  Minor
#1's testimony also included a description of one particular
incident that he had with Manuel.  Minor #1 testified:

> I was walking, um, and I slept over my friend's house and
> then my auntie asked if I can walk the dog, and I said,
> okay.  And then I walked the dog by the manager's office.
> So I walked over there and then [Manuel] just came up to me
> and he touched me in my penis.

Minor #1 later clarified that, on that day, Manuel touch him
"[o]n top" of his clothing with "[h]is bare hand" and that he
"[t]ried to run . . . [b]ack to the house" after the incident
occurred.

The inconsistencies in and accuracy of Minor #1's
testimony go to his credibility as a witness.  "[I]t is
well-settled that an appellate court will not pass upon issues
dependent upon the credibility of witnesses and the weight of the
evidence[.]" State v. Buch, 83 Hawai'i 308, 321, 926 P.2d 599,
612 (1996) (citation and internal quotation marks omitted).
Instead, credibility determinations are strictly within the
province of the trier of fact.  See State v. Eastman, 81 Hawai'i
131, 139, 913 P.2d 57, 65 (1996).  We decline to overturn the
jury's credibility determination of Minor #1.  Viewed in the
light most favorable to the prosecution, Minor #1's testimony was
sufficient to support the jury's two count conviction of Manuel
as to the sexual assault in the third degree of Minor #1.

**2.    Sufficiency of evidence as to Manuel's conviction for Sexual
        Assault in the Third Degree of Minor #2**

There was also substantial evidence to support the
jury's conviction of Manuel as to Minor #2.  The jury found
Manuel guilty of another two counts of sexual assault in the
third degree for placing his hand on Minor #2's penis and
buttocks between November 4, 1997 to March 22, 2000.  Manuel

argues that Minor #2's testimony did not support Manuel's conviction because Minor #2 could not "describe the kind of act or acts committed with sufficient specificity[,]" "testified inconsistently as to the number of acts that occurred[,]" and "couldn't really describe the general time period in which these acts occurred with any specificity."

Minor #2 testified that Manuel worked at his apartment complex and that he would pass tools to Manuel while Manuel was working. Minor #2 also testified that he was about seven years old[7] when Manuel first touched his penis and buttocks. Minor #2 also testified that Manuel touched his penis and buttocks on "three to four different days." Minor #2 testified he was touched one day at the laundromat and two to three different days at the shack by the apartment complex. He testified that one day at the shack, Manuel touched him on his buttocks while Minor #2 was standing and on another day Manuel touched his penis. Minor #2 testified that Manuel would touch him with his hand in a swiping motion, "[l]ike if you were changing a baby's diaper and your had to wipe the butt because they made doo-doo or something[.]"

Any inconsistencies in Minor #2's testimony go to the weight of his credibility as a witness. See Buch, 83 Hawai'i at 321, 926 P.2d at 612. We decline to overturn the jury's credibility determinations as to Minor #2's testimony and, therefore, hold that there was sufficient evidence presented during trial to support Manuel's two convictions of sexual assault in the third degree of Minor #2.

The arguments underlying Manuel's ineffective assistance of counsel claim are meritless. The circuit court did not err in concluding that Manuel did not allege a colorable claim so to warrant an evidentiary hearing on his Petition.

Therefore,

IT IS HEREBY ORDERED that the "Order Dismissing and Denying Petitioner Sixto Manuel's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Filed

---

[7] Minor #2 was born on November 4, 1991.

June 12, 2013)," entered October 24, 2013 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, December 31, 2014.

On the briefs:

Cynthia A. Kagiwada
for Petitioner-Appellant.

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge